*left side of car before step is lowered is question for jury.* In an action by a street car passenger for personal injuries sustained as the result of being struck by the rear end of a moving car upon falling after alighting from the left side of the front vestibule of the car, owing to the fact that the step had not yet been lowered by the motorman, *held* that it was a question for the jury whether plaintiff was in the exercise of due care for his own safety.

6. NEGLIGENCE, § 191*—*when question for jury.* Where the facts are such that reasonable men of fair intelligence may draw different conclusions, the question of negligence must be submitted to the jury.

7. INSTRUCTIONS, § 151*—*when properly refused.* It is not error to refuse requested instructions covered in the main charge.

## David C. Wheeler, Appellee, v. Southern Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. H. L. BROWNING, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded. Opinion filed October 24, 1917.

### Statement of the Case.

Action by David C. Wheeler, plaintiff, against The Southern Railway Company, defendant, to recover an alleged indebtedness growing out of the employment of plaintiff by defendant as a lamplighter. From a judgment for plaintiff for $75 by the City Court of East St. Louis, on change of venue from the Circuit Court, to which the case was appealed from a judgment by a justice of the peace before whom the action was originally brought, defendant appeals.

KRAMER, KRAMER & CAMPBELL, R. H. WIECHERT and J. W. FREELS, for appellant; EDWARD P. HUMPHREY, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

No appearance for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1787*—*when judgment reversed pro forma.* Where no brief is filed by appellee, a judgment will be reversed *pro forma* under Appellate Court Rule 27.

·2. MASTER AND SERVANT, § 84*—*when verdict for plaintiff in action for services is against weight of evidence.* In an action by an employee to recover an alleged indebtedness growing out of the employment of plaintiff by defendant as lamplighter, the verdict and judgment for plaintiff *held* to be against the manifest weight of the evidence.

---

Bess A. Cousley, Administratrix, Appellant, v. Chicago & Alton Railroad Company, Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Bluford Wilson and William Cotter, Receivers of Chicago, Peoria & St. Louis Railroad Company, and Illinois Terminal Railroad Company, Appellees.

1. COMMERCE, § 4*—*when engagement in interstate by railroads is question of fact.* Where railroad companies do both an interstate and an intrastate business, it is a question of fact as to whether at a particular time said railroad companies are engaged in interstate or intrastate commerce.

2. MASTER AND SERVANT, § 98*—*when Federal Employers' Liability Act applies.* The Federal Liability Act only applies as between employer and employee.

3. WORKMEN'S COMPENSATION ACT, § 2*—*when carrier by land not required to file notice of election to be governed by act.* A carrier by land is not required to affirmatively file a notice of election to be governed by the provisions of the Workmen's Compensation Act and to pay compensation thereunder in order to be entitled to be subrogated under the provisions of section 29 of that Act [Callaghan's 1916 St. Supp. ¶ 5475(29)], as such carriers are conclusively presumed to have so elected under the provisions of

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(